UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT SANDERS,

    Plaintiff,

v.                                                                CASE NO.:

GOTOBRAZILS WAXING CENTER,
INC., A Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROBERT SANDERS ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, GO TO BRAZILS WAXING CENTER, INC., a Florida Profit Corporation (hereinafter referred to as "Defendant" or "GTB"), for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter as "FLSA").

## JURISDICTION AND VENUE

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2.    The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3.    This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

4.    Venue is proper as Plaintiff worked for Defendant in Duval County, Florida, and

the actions giving rise to these claims arose in Duval County, Florida.

## PARTIES

5.      At all times material hereto, Plaintiff was a resident of Duval County, Florida.

6.      At all times material hereto, Defendant was, and continues to be, a business operating in Duval County, Florida, at which Plaintiff worked.

7.      At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

8.      At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

9.      At all times material hereto, Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

10.     At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce," within the meaning of the FLSA.

11.     Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum, or the prorated amount for same during the time Defendant has been open for business, during the relevant time periods.

12.     At all times relevant hereto, Defendant operated a personal waxing business with multiple locations.

13.     At all times relevant hereto, Defendant had more than two employees.

14.     At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

15.     At all times material hereto, the work performed by the Plaintiff was directly

essential to the business performed by Defendant(s).

## STATEMENT OF FACTS

16. Plaintiff worked as a non-exempt laborer for Defendant from approximately May 2017 through November 16, 2018.

17. Defendant misclassified Plaintiff as an independent contractor, when the economic realities of Plaintiff's relationship demonstrated that he should have been classified as an employee as defined by the FLSA.

18. Defendant initially paid Plaintiff an hourly rate and paid him straight time for overtime hours owed.

19. Defendant then switched Plaintiff to a salary of $800.00 per week and stopped paying him any overtime compensation, whatsoever.

20. Plaintiff regularly worked in excess of forty (40) hours per week for Defendant throughout his employment with Defendant.

21. Plaintiff estimates that he worked anywhere from forty-two (42) to seventy (70) hours per week, depending on the week.

22. Defendant violated Title 29 U.S.C. §207 in that:

   a. Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

   b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **ALL** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

   c. Defendant failed to maintain proper time records as mandated by the

FLSA.

23. Plaintiff estimates his FLSA damages to be as follows:  Taking an average of 16 overtime hours per week (42 plus 70 % 2 (averaging) = 56 Hours worked per week as an average = 16 OT hours per week), and using a half time calculation of $800 per week % 56 hours per week = $14.29 per hour % 2 (half time) = $7.15 per OT hour X 16 OT hours per week = $114.32 owed per week X estimate of 72 weeks =  **$8,231.04 unliquidated, and $16,462.08 liquidated**, plus attorneys' fees and costs incurred.

24. Prior to the filing of this lawsuit, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

25. Prior to the filing of this lawsuit, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

26. Prior to the filing of this lawsuit, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

27. Based on the allegations in Paragraphs 24-26, above, Plaintiff is entitled to liquidated damages as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

28. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

29. Plaintiff re-alleges and reavers paragraphs 1 through 28 of the Complaint, as if fully set forth herein.

30. During his employment, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked.

31. Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

32. Defendant failed to pay Plaintiff time and one half for all hours worked in excess of forty (40) per week in violation of the FLSA.

33. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due.

34. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

35. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant(s):

    a. Declaring, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due to him for

    Plaintiff's time worked in excess of forty (40) hours per work week;

  c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

  d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

  e. Awarding Plaintiff pre-judgment interest; and

  f. Ordering any other further relief, the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 14th day of December 2018.

        **/s/NOAH E. STORCH**
        Noah E. Storch, Esq.
        Florida Bar No. 0085476
        Richard Celler Legal, P.A
        7450 Griffin Road, Suite 230
        Davie, FL 33314
        Telephone: (866) 344-9243
        Facsimile: (954) 337-2771
        Email: noah@floridaovertimelawyer.com